Regina J. McClendon (State Bar No. 184669)
rmcclendon@lockelord.com
Stephanie A. Chambers-Wraight (State Bar No. 261025)
swraight@lockelord.com
LOCKE LORD LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104
Telephone:  415-318-8810
Fax:  415-676-5816

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NA, AS TRUSTEE, FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR15 (erroneously sued as U.S. Bank, N.A.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIT A. BORHAUG and JAN BORHAUG<br><br>                    Plaintiffs,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC.; U.S. BANK, N.A.; and DOES 1 to 100, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL**<br><br>[28 U.S.C. § 1332]<br><br><br>Complaint Filed:  April 22, 2014 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank NA, as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR15 ("U.S. Bank") (collectively, "Defendants"), through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California.  Removal is based on 28 U.S.C. § 1332, and is authorized by 28 U.S.C. § 1441.  As grounds for removal, Defendants state as follows:

## STATEMENT OF THE CASE

1. On April 22, 2014, an action was commenced by plaintiffs Brit A. Borhaug and Jan Borhaug (collectively, "Plaintiffs") in the Superior Court of the County of Contra Costa, styled *Brit A. Borhaug and Jan Borhaug v. Select Portfolio Servicing, Inc.; U.S. Bank N.A.; and Does 1 to 100, inclusive,* Case No. MSC14-00814 (the "State Court Action").

2. "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).  Formal service is required to trigger the 30-day period.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999).  Defendants have not been properly served with the Complaint.  However, the online docket for the State Court Action reflects that Plaintiffs filed proofs of service reflecting that SPS and U.S. Bank were served with the Complaint on April 24, 2014 and April 25, 2014, respectively. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3. The Complaint purports to assert two causes of action:  (1) violation of Civil Code section 2923.6(c) and (2) unlawful business practices (violation of Business & Professions Code section 17200).

4. Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto a true and correct copy of the Complaint that they obtained from the State Court file as **Exhibit A.**

## DIVERSITY JURISDICTION

5. 28 U.S.C. section 1332 vests district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" and is between citizens of different states.

6. Since the filing of the Complaint, Plaintiffs have been, and continue to be, citizens of California. Compl. ¶ 1. Plaintiffs allege that they are residents of Contra Costa County, California and that Brit A. Borhaug is the sole owner of the real property located at 3936 Happy Valley Road, Lafayette, California. *Id.*; *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[P]lace of residence is prima facie the domicile.").

7. SPS is a corporation incorporated under the laws of Utah with its principal place of business in Salt Lake City, Utah. A corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). SPS's "high level officers direct, control, and coordinate the corporation's activities" out of its Salt Lake City, Utah offices. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Accordingly, SPS is not a citizen of California.

8. U.S. Bank is a national banking association. A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt,* 546 U.S. 303, 318 (2006). U.S. Bank's main office is located in Ohio. Accordingly, U.S. Bank is not a citizen of California.

9. There is more than $75,000 in controversy in this action. Plaintiffs seek compensatory damages, disgorgement, attorneys' fees and costs. These amounts all count toward the jurisdictional amount. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (reviewing prayer for relief in ascertaining whether complaint's allegations demonstrate the requisite amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002) (holding that "a reasonable estimate of fees likely to be incurred to resolution" counts toward the amount in controversy).

10. Further, in cases involving mortgage loans, the amount in controversy may be established by the loan amounts. *Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022 (N.D.

Cal. 2010); *Contimortgage Corp., v. Anglezis*, 173 Fed.App'x. 458, 460 (7th Cir. 2004) ("The amount in controversy was the unpaid principal balance of about $171,000 on the defaulted loan"); *Land Holdings (St. Thomas) Ltd. v Mega Holdings, et al.*, 283 F.3d 616, 620 (3d Cir. 2002) ("Because this foreclosure action concerns a multi-million dollar parcel of property, the amount in controversy requirement was easily met…").  Here, Plaintiffs' lawsuit concerns a $2,490,000 loan secured by the real property located at 3936 Happy Valley Road, Lafayette, California.  A true and correct copy of the relevant deed of trust is attached hereto as **Exhibit B**.  Plaintiffs seek to enjoin the foreclosure sale of that property.

11.     "In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. St. Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  "[T]he value of the property is the object of the litigation for the purposes of determining whether the amount-in-controversy requirement has been met so long as the plaintiff is seeking injunctive relief to prevent or undo the lender's sale of the property." *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667, 2010 WL 2629785, *4-6 (N.D. Cal. June 29, 2010); *see also Zepeda v. U.S. Bank*, N.A., No. 11-0909, 2011 WL 4351801, *3-4 (C.D. Cal. Sept. 16, 2011) ("The … focal point of this litigation is the $308,000 mortgage loan … [T]he preponderance of the evidence indicates an amount in controversy in excess of $75,000."); *Rodriguez v. Wells Fargo Bank, N.A.*, No. 11-05172, 2011 WL 6304152, *4 (N.D. Cal. Dec. 16, 2011) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property," a removing defendant may rely on "the original loan amount" or "the outstanding balance at the time the sale is contemplated," to establish the amount in controversy); *Contimortgage Corp., v. Anglezis*, 173 Fed. App'x. 458, 460 (7th Cir. 2004) ("The amount in controversy was the unpaid principal balance of about $171,000 on the defaulted loan").

12.     Accordingly, this Court has jurisdiction over this action because all of the requirements of 28 U.S.C. § 1332(d) are satisfied.[1]

---

[1] In the event that Plaintiffs file a motion to remand, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit additional argument or evidence in support of removal.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n. 1 (9th Cir. 2002) (court may consider later provided evidence as amending a notice of removal); *General Dentistry for Kids, LLC*

NOTICE OF REMOVAL

**OTHER PROCEDURAL REQUIREMENTS**

13.     The undersigned counsel represents Defendants, the only defendants named in this lawsuit to date.  Upon information and belief, no other defendants have been named in or served with the Complaint.  Therefore, additional consent to this removal is not required.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (requirement for consent applies "only to defendants properly joined and served in the action").

14.     Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the Northern District of California is the federal judicial district embracing the Superior Court of California for the County of Contra Costa, where the State Court Action was originally filed.

15.     *Intradistrict Assignment.*  Pursuant to Civil Local Rule 3-2(c), this case is properly assigned to the San Francisco or Oakland Division.

16.     A copy of this Notice of Removal will be promptly served upon Plaintiffs and filed with the Clerk of the Superior Court of the County of Contra Costa.  *See* 28 U.S.C. §§ 1446(a), (d).

17.     This Notice of Removal is signed by Defendants' counsel pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

**CONCLUSION**

Defendants intend no admission of fact, law or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

**WHEREFORE,** Defendants pray that the State Court Action should proceed in the United States District Court for the Northern District of California, as an action properly removed thereto.

---

*v. Kool Smiles, P.C.*, 379 Fed.Appx. 634, 635-36 (9th Cir. 2010) (court may consider evidence relating to amount in controversy not submitted with notice of removal petition).

Dated: May 22, 2014                                   Respectfully submitted,

LOCKE LORD LLP


By: *Stephanie A. Chambers-Wraight*
Regina J. McClendon
Stephanie A. Chambers-Wraight
Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NA, AS TRUSTEE, FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR15