Regina J. McClendon (State Bar No. 184669)
rmcclendon@lockelord.com
Stephanie A. Chambers-Wraight (State Bar No. 261025)
swraight@lockelord.com
LOCKE LORD LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104
Telephone: 415-318-8810
Fax:  415-676-5816

Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NA, AS TRUSTEE, FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR15 (erroneously sued as U.S. Bank, N.A.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIT A. BORHAUG and JAN BORHAUG<br><br>Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.; U.S. BANK, N.A.; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. 4:14-cv-02368-KAW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          July 3, 2014<br>Time:         11:00 a.m.<br>Courtroom: 4, 3rd Floor<br><br>Complaint Filed:  April 22, 2014 |

1   TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

2   PLEASE TAKE NOTICE that on July 3, 2014 at 11:00 a.m., or as soon thereafter as the
3   matter may be heard in the above-entitled Court, defendants Select Portfolio Servicing, Inc. ("SPS")
4   and U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National
5   Association, as Trustee, successor by merger to LaSalle Bank NA, as Trustee for WaMu Mortgage
6   Pass-Through Certificates Series 2006-AR15 ("U.S. Bank") (collectively, "Defendants") will bring
7   for hearing, in Courtroom 4, 3rd Floor of the United States Courthouse located at 1301 Clay Street,
8   Oakland, California, their Motion to Dismiss the Complaint filed by plaintiffs Brit A. Borhaug and
9   Jan Borhaug (collectively, "Plaintiffs").

10   Defendants seek dismissal of the Complaint and each of its causes of action pursuant to
11   Federal Rule of Civil Procedure 12(b)(6) on the ground that they fail to state a claim upon which
12   relief can be granted.

13   This Motion is based on this Notice of Motion and Motion, the below Memorandum of
14   Points and Authorities, the concurrently-filed Request for Judicial Notice, the pleadings, papers and
15   records on file in this action, and such oral argument as may be presented at the time of the hearing.

Dated:  May 28, 2014                    Respectfully submitted,

                                        LOCKE LORD LLP


                                        By: _Stephanie A. Chambers-Wraight_
                                        Regina J. McClendon
                                        Stephanie A. Chambers-Wraight
                                        Attorneys for Defendants
                                        SELECT PORTFOLIO SERVICING, INC. and
                                        U.S. BANK NATIONAL ASSOCIATION, AS
                                        TRUSTEE, SUCCESSOR IN INTEREST TO
                                        BANK OF AMERICA, NATIONAL
                                        ASSOCIATION, AS TRUSTEE, SUCCESSOR
                                        BY MERGER TO LASALLE BANK NA, AS
                                        TRUSTEE, FOR WAMU MORTGAGE PASS-
                                        THROUGH CERTIFICATES, SERIES 2006-
                                        AR15

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank NA, as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR15 ("U.S. Bank") (collectively, "Defendants") move to dismiss the complaint filed by plaintiffs Brit A. Borhaug and Jan Borhaug (collectively, "Plaintiffs") for failure to state a claim.

The entire basis for Plaintiffs' complaint is that Defendants have refused to continue the foreclosure sale of the real property located at 3936 Happy Valley Road, Lafayette,, California (the "Property") that is "currently scheduled for April 28, 2014." Compl., ¶ 15. However, no foreclosure sale of the Property occurred on that date. No foreclosure sale of the Property has occurred as of the filing of this motion. Plaintiffs' entire complaint must fail as a result.

Defendants respectfully request that the Court grant this motion to dismiss in its entirety and dismiss this action with prejudice.

## II. STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided in this motion are:

1. Whether Plaintiff's first cause of action for violation of Civil Code section 2923.6 states a claim upon which relief can be granted as to Defendants.

2. Whether Plaintiff's second cause of action for unlawful business practices states a claim upon which relief can be granted as to Defendants.

## III. STATEMENT OF FACTS

On a motion to dismiss, the Court accepts as true the facts properly pleaded in the complaint, but not conclusions of law. *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re VerifoneSecs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). In resolving a motion to dismiss, the Court generally accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court, however, need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d

1

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

618, 624 (9th Cir. 1981).  Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *accord: Kourtis v. Cameron*, 419 F.3d 989, 994 n. 2 (9th Cir. 2005).

In keeping with these rules, and without conceding for any other purpose the truth of Plaintiffs' allegations, Defendants set forth the facts pertinent to this motion.

Plaintiffs obtained a loan from Washington Mutual Bank, FA in the original amount of $2,490,000.  This loan was secured by a deed of trust recorded against the Property on September 12, 2006.  Compl., ¶ 6; Request for Judicial Notice ["RJN"], Exh. A.  An assignment of deed of trust evidencing the assignment of the beneficial interest in Plaintiffs' deed of trust to U.S. Bank was recorded against the Property in November of 2012.  Compl., ¶ 8; RJN, Exh. B.

As a result of Plaintiffs' default, a notice of default was recorded against the Property on January 29, 2013. RJN, Exh. C.  This notice reflected a default of over $161,000 as of January of 2013.  *Id*.  This notice of default was ultimately rescinded, and a notice of rescission was recorded on March 28, 2013.  RJN, Exh. D.

A second notice of default was recorded against the Property on April 5, 2013. Compl., ¶ 9; RJN, Exh. E.  This notice reflected a default of over $202,000 as of April of 2013.  RJN, Exh. E. A notice of trustee's sale was recorded against the Property on July 8, 2013.  Compl., ¶ 10; RJN, Exh. F.  To date, no sale of the Property has occurred.

Plaintiffs contend that SPS began servicing their loan sometime after the notice of trustee's sale was recorded.  Compl., ¶ 11.  They allege that they submitted a loan modification application to SPS in August of 2013.  Compl., ¶ 13.  Plaintiffs claim that they complied with each of SPS' requests for additional documents in support of the modification review.  Compl., ¶ 14.

Plaintiffs allege that "Defendants have failed to continue the Trustee's Sale currently scheduled for April 28, 2014."  Compl., ¶ 15.

## IV. LEGAL ARGUMENT

### A. Plaintiffs' First Cause Of Action For Violation Of Civil Code Section 2923.6 Fails To State A Claim

Plaintiffs claim that Defendants violated Civil Code section 2923.6 because Defendants "failed to continue the Trustee's Sale currently scheduled for April 18, 2014" while their loan modification application was under review. Compl., ¶¶ 21 – 23.[1] However, no foreclosure sale of the Property took place on April 18, 2014. Indeed, as of the date of filing this motion to dismiss, no foreclosure sale of the Property has taken place at all. Thus Defendants did not "conduct a trustee's sale" of the Property while Plaintiffs' alleged "complete first lien loan modification application is pending." *See* Civ. Code § 2923.6. Because Defendants did not fail to continue the trustee's sale of the Property, this claim fails in its entirety and must be dismissed.

### B. Plaintiffs' Second Cause Of Action For Unlawful Business Practices Fails To State A Claim

In their second cause of action, Plaintiffs purport to assert a claim for violations of Business and Professions Code section 17200 (the "UCL"). To state a claim under the UCL, a plaintiff must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice" which caused the plaintiff to suffer "injury in fact" and "lost money or property." *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal.App.4th 322 (2004). In doing so, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

As an initial matter, Plaintiffs have not alleged the existence of any "unlawful, unfair or fraudulent business act or practice." To the extent this claim is brought under the "unlawful" prong of the UCL, it fails because Plaintiffs fail to properly allege the violation of any other law. *See Krantz v. BT Visual Images, LLC*, 89 Cal.App.4th 164, 178 (2001) ("unlawful" prong requires underlying violation of law); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177,

---

[1] Notably, Plaintiffs do not allege that either the notice of default or notice of trustee's sale were recorded in violation of section 2923.6. Nor could they, as Plaintiffs allege that they submitted a loan modification application after the notice of trustee's sale was recorded against the Property. Comp., ¶¶ 10, 13.

1190-91 (N.D. Cal. 2009) ("[S]ince the Court has dismissed all of the Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practice prong of the UCL.").

To whatever extent Plaintiffs attempt to bring a claim under the UCL's "unfair" or "fraudulent" prong, this claim is inadequately pled. An "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003). Because Plaintiffs fail to plead, with particularity, that Defendants engaged in such "unfair" practices, they fail to state a claim under the "unfair" prong of the UCL. *See Khoury,* 14 Cal.App.4th at 619 (UCL claims must be pled with particularity).

Further, "to state a claim under the UCL based on fraudulent conduct, a plaintiff must allege, again with particularity, facts sufficient to establish that the public would likely be deceived by Defendants' conduct." *Perez v. Wells Fargo Bank, N.A.*, 2011 WL 3809808, *16 (N.D. Cal. Aug, 29, 2011). No such conduct is alleged here. *See id.* at *16 (dismissing UCL claim explaining that "Plaintiffs have not met this standard because they have not identified specific deceptive statements or omissions … or alleged facts showing why those specific statements or omissions would be likely to deceive the public."); *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057, 1077 (E.D. Cal. Jan. 20, 2012) (dismissing UCL claim because "[t]he complaint … lacks … facts to describe how consumers were deceived").

Finally, Plaintiffs lack standing to bring a UCL claim against Defendants at all. "To bring a claim under the UCL, … [a plaintiff] must have suffered an injury in fact and lost money or property as a result of [the] alleged unfair or fraudulent practices." *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, *7 (N.D. Cal. Jan. 28, 2011) (citing Cal. Bus. & Prof. Code § 17204). "That causal connection is broken when a complaining party would suffer the same harm whether or not a defendant complied with the law." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007). In this case, Plaintiffs do not allege that they paid Defendants any money other than that due and owing on their loan. Similarly, no foreclosure has taken place so far, so Plaintiffs have not lost any property. Plaintiffs lack standing to assert a UCL claim against Defendants as a result.

For all of these reasons, Plaintiffs' second cause of action must be dismissed.

**V.     CONCLUSION**

Defendants respectfully request that this Court grant their motion to dismiss this action in its entirety.

Dated:  May 28, 2014

Respectfully submitted,

LOCKE LORD LLP

By: *Stephanie A. Chambers-Wraight*
Regina J. McClendon
Stephanie A. Chambers-Wraight
Attorneys for Defendants
SELECT PORTFOLIO SERVICING, INC. and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NA, AS TRUSTEE, FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR15

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104